IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

### Alexandria Division

|  |  |
|---|---|
| OLEG G. PODGORETSKY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 1:16-cv-01255 |
| | ) |
| OCWEN LOAN SERVICING LLC, and | ) |
| POORE SUBSTITUTE TRUSTEE LTD. | ) |
| | ) |
| Defendants. | ) |
| | ) |

### MEMORANDUM OPINION

THIS MATTER comes before the Court on Defendants' Motion to Dismiss pursuant to Rule 12(b)(6) for failure to state a claim.

On March 13, 2006, Plaintiff obtained a home mortgage loan ("Loan") from American Brokers Conduit. The Loan was evidenced by a promissory note ("Note") and secured by a Deed of Trust, which placed a lien on 2792 Fariba Court, Vienna, Virginia 22181 ("Property").

In February 2013, Plaintiff's prior loan servicer, Homeward Residential, transferred the Loan servicing to Ocwen Loan Servicing, LLC ("Ocwen"). After origination and as evidenced by an Allonge and the Assignment of Deed of Trust, the Loan was transferred to The Bank of New York Mellon f/k/a The Bank of New York, Successor-in-Interest to JPMorgan Chase Bank, N.A. as

Trustee for Structured Asset Mortgage Investments II Trust 2006-AR5, Mortgage Pass Through Certificates, Series 2006-AR5 ("BONY").

On or about November 14, 2013, Defendant Poore Substitute Trustee Ltd. ("Poore") was appointed as the Substitute Trustee under the Deed of Trust. After Plaintiff missed his mortgage payments, Poore initiated foreclosure against the Property. Since then, Plaintiff has filed numerous actions in both state and federal court, asserting the same show-me-the-note theories to prevent enforcement of the Loan documents and foreclosure on the Property.

In January 2014, Plaintiff filed a Complaint and Motion for a Temporary Restraining Order and Emergency Injunctive Relief in the Circuit Court of Fairfax County. Podgoretsky v. Ocwen Loan Servicing, LLC, CL-2014-1215 (Fairfax County Cir. Ct.) ["Podgoretsky I"]. On February 19, 2014, the Fairfax County Circuit Court denied Plaintiff's request for injunctive relief.

On March 7, 2014, Plaintiff filed a lawsuit in this Court. Podgoretsky v. Ocwen Loan Servicing, LLC, et al., Case No. 1:14-cv-239-AJT-IDD (E.D. Va. Aug. 20, 2014) ["Podgoretsky II"].[1] On August 20, 2014, the Court granted the defendants' motions to dismiss and dismissed the case with prejudice. Plaintiff then appealed to the United States Court of Appeals for the Fourth

---

[1] The other defendants in Podgoretsky II were The Bank of New York Mellon, J.P. Morgan Chase Bank, Hunoval Law Firm, PLLC, and Poore.

Circuit, who affirmed the dismissal. See Podgoretsky v. Ocwen Loan Servicing LLC, 590 F. App'x 275, 276 (4th Cir. 2015).

On September 26, 2014, Plaintiff returned to Fairfax County Circuit Court and filed an Amended Complaint. On January 9, 2015, the Circuit Court sustained the Demurrer and dismissed the Amended Complaint of Podgoretsky I with prejudice. Podgoretsky v. Ocwen Loan Servicing, LLC, CL-2014-1215 (Fairfax County Cir. Ct.).

On October 9, 2015, Plaintiff filed an action against MERS and Poore in Fairfax County Circuit Court, which was removed to this Court on November 6, 2015. The claims were "cancellation of a void recorfded [sic] instrument assignment of substitute trustee," "to cancel void appointment of substitute trustee," and "declaratory relief." The defendants moved to dismiss the case because it was barred under res judicata, and this Court granted the motion. See Podgoretsky v. Mortgage Electronic Registration System, Inc., et al., Case No. 1:15-cv-01478-CMH-MSN (E.D. Va. Dec. 15, 2015) [Podgoretsky III].

On August 15, 2016, Plaintiff filed the present action against Ocwen and Poore in Fairfax County Circuit Court, and Defendants removed to this Court. The claims are "cancellation of a void recorfded [sic] instrument assignment of substitute trustee," "to cancel void appointment of substitute trustee," and "declaratory relief." On October 11, 2016, Defendants moved

to dismiss based on *res judicata*.

A motion to dismiss tests the sufficiency of the complaint. See Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). In a Rule 12(b)(6) motion to dismiss, the court must accept all well-pled facts as true and construe those facts in the light most favorable to the plaintiff. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The complaint must provide a short and plain statement showing that the pleader is entitled to relief, Fed. R. Civ. P. 8(a)(2), and it must state a plausible claim for relief to survive a motion to dismiss, Iqbal, 556 U.S. at 679. The court does not accept as true any "unwarranted inferences, unreasonable conclusions, or arguments." E. Shore Markets, Inc. v. J.D. Associates Ltd., 213 F.3d 175, 180 (4th Cir. 2000). If the complaint does not state a plausible claim for relief, the court should dismiss the case. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

Here, Plaintiff fails to state a claim for which relief may be granted because his claim is barred based on *res judicata*. Under the doctrine of *res judicata*, a final judgment on the merits in a prior suit precludes another suit between the same parties or their privies on the same cause of action. See Nash County Board of Educ. v. Biltmore Co., 640 F.2d 484, 486 (4th Cir. 1981). For *res judicata* to bar an action, the moving party must establish: (1) the prior judgment was final and on

4

the merits; (2) the parties are identical, or in privity, in both actions; and (3) the claims in the subsequent action is based upon the same cause of action as in the prior matter. Pittston Co. v. United States, 199 F.3d 694, 704 (4th Cir. 1999). *Res judicata* bars claims brought in a previous suit and any claims that could have been raised. Pueschel v. United States, 369 F.3d 345, 354 (4th Cir. 2004).

Each of the *res judicata* elements are satisfied in this case. First, there were final judgments on the merits in all three of Plaintiff's prior suits. Podgoretsky I was dismissed with prejudice in Fairfax County Circuit Court in January 2015; Podgoretsky II was dismissed with prejudice by this Court in August 2014; and Podgoretsky III was dismissed with prejudice by this Court again in December 2015.

Second, the causes of action in Plaintiff's prior suits and the present suit are the same. Under Fourth Circuit precedent, a cause of action is identical for claim preclusion purposes if the "claim presented in the new litigation arises out of the same transaction or series of transactions as the claim resolved by the prior judgment." Pittston, 199 F.3d at 704.

Here, each of Plaintiff's suits concerns the same series of transactions and challenges title to the same instrument. In the prior cases, Plaintiff attempted to advance the same show-me-the-note theories asserted here. Regardless how the claims are

titled, Plaintiff challenged the financial entities' authority to enforce the Loan documents and foreclose on the Property. By merely offering slight changes to the articulation of his claims, Plaintiff has not insulated his Complaint from the consequences of *res judicata*. See Pueschel, 369 F.3d at 355 (holding that focusing on the form over the substance of a claim "would allow parties to frustrate the goals of res judicata through artful pleading and claim splitting.").

Third, the parties in Plaintiff's prior suit and present suit are the same. In Podgoretsky I and Podgoretsky II, Plaintiff sued Ocwen. In Podgoretsky II and Podgoretsky III, Plaintiff sued Poore. Thus, the third element of the *res judicata* test is easily satisfied because Defendants have both been parties in two prior lawsuits on the same issue.

For the foregoing reasons, the doctrine of *res judicata* bars Plaintiff's claim for relief. Thus, the Court finds that Defendant's Motion to Dismiss should be GRANTED. An appropriate order shall issue.

CLAUDE M. HILTON
UNITED STATES DISTRICT JUDGE

Alexandria, Virginia
December 12 , 2016

6